IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3031 |
| | ) | |
| v. | ) | |
| | ) | |
| DANTE E. VICHARRA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Dante E. Vicharra (Vicharra) has filed a Motion under 28 U.S.C. § 2255 (filing no. 230) attacking his trial counsel for making a promise that was not kept and contending that the government violated a plea agreement. After initial review, the motion will be denied with prejudice.[1]

## *I. BACKGROUND*

     Vicharra was charged with a cocaine and methamphetamine conspiracy that carried with it a mandatory minimum sentence of 60 months and statutory maximum

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

sentence of 240 months. (Filings no. 56-58.) Chad Primmer, a very experienced and zealous criminal defense lawyer, was appointed to represent Vicharra.

Vicharra ultimately elected to enter a guilty plea *without* a plea agreement. That fact was confirmed in a Petition to Enter a Plea of Guilty written in English and Spanish (filing no. 120 at CM/ECF p. 12 and ¶ 35(a)), it was confirmed again when Magistrate Judge Zwart conducted the Rule 11 proceeding (filing no. 128 at CM/ECF p. 16 (transcript)), and it was again confirmed when I sentenced Vicharra. (Filing no. 201 at approximately 1:03 (digital audio recording).) Vicharra never asserted that there was a plea agreement until he filed his 2255 motion.

Vicharra affirmed in writing (filing no. 120 at CM/ECF p. 2 and ¶ 5(a)-(3)) and orally (filing 128 at CM/ECF p. 8) that he was satisfied with his counsel's performance. In addition, Vicharra represented both in writing (filing no. 120 at CM/ECF p. 12 and ¶¶ 36-37) and orally (filing no. 128 at CM/ECF p. 7) that he had been promised *nothing* in exchange for his plea.

Vicharra was found to be eligible for the "safety-valve" and his base offense level of 32 was reduced by 2 points as a result. (E.g., filing no. 196 at CM/ECF p. 10 and ¶ 36 (Presentence Report).) After a reduction for acceptance of responsibility, Vicharra's total offense level was 27, his criminal history category was I and these findings and conclusions resulted in an imprisonment range of 70 to 87 months in prison. (*Id.* at CM/ECF p. 18 and ¶ 87.)

I sentenced Vicharra to 70 months in prison and five years of supervised release. (Filing no. 208.) I advised Vicharra orally and in writing (filing no. 199 and filing no. 201) regarding his right to appeal and that his counsel was required to file a notice of appeal for him. Vicharra signed a written advisement acknowledging that he understood his right to appeal. (Filing no. 199.) Vicharra also told me orally that he had no questions regarding his appeal rights. (Filing no. 201 at approximately

22:54.) In addition, Primmer was provided with a copy of Eighth Circuit Rule 27C regarding counsel's obligation to perfect an appeal if directed to do so, and Primmer acknowledged receipt of the Rule in writing. (Filing no. 199.) Vicharra did not appeal. He now claims Primmer told him that he could not appeal.[2]

Vicharra filed his timely 2255 motion asserting two arguments. Condensed and summarized, Vicharra argues that (1) Primmer was ineffective because Primmer promised him that if he cooperated he would receive "a reduction in his severity level" and "[t]hat did not happen" (filing no. 230 at CM/ECF p. 4) and (2) the government breached the plea agreement requiring that he be sentenced in the "range of 47 to 57 months" when the government acquiesced in, or did not object to, the Court's sentence of 70 months in prison. (*Id.* at CM/ECF p. 5.)

## II. ANALYSIS

A recitation of the law is unnecessary. The files and records plainly show that Vicharra is not entitled to relief. That is, the factual predicates for each of his claims are conclusively disproved by the record.

Vicharra repeatedly acknowledged that no promises were made to him, that there was no plea agreement and that he was satisfied with Primmer's assistance. Furthermore, Vicharra received the benefit of the "safety-valve." Thus, Vicharra's first claim–that Primmer was ineffective because Vicharra did not receive a promised reduction in the "severity level"–falls of its own weight. In that same vein, since the record conclusively establishes that there was no plea agreement and that no one promised Vicharra anything in exchange for his guilty plea, Vicharra's second

---

[2] A discussion of the inadequacy of Vicharra's tendered excuse for failing to appeal and the consequences of his failure to appeal would unduly extend this opinion. It is more efficient to disregard his failure to appeal and reach the merits.

claim–that the government breached a plea agreement when it acquiesced in, or did not object to, the Court's 70-month sentence–must also be denied.

IT IS ORDERED that Vicharra's motion to proceed in forma pauperis (filing no. 231) is granted but Vicharra's § 2255 motion (filing no. 230) is denied with prejudice. A separate judgment will be entered.

DATED this 26th day of May, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge